# UNITED STATES DISTRICT COURT
# DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| KRISTEN PIERSON,<br>　　　　Plaintiff<br><br>v.<br><br>TYSON WHITE, D/B/A ROOSTERS<br>MEN'S GROOMING CENTER,<br>　　　　Defendant | )<br>)<br>)<br>)　Civil Action No. _____<br>)<br>)<br>)<br>) |

## COMPLAINT FOR COPYRIGHT INFRINGEMENT

Plaintiff, by its attorneys, for its complaint against Defendant, alleges:

### JURISDICTION AND VENUE

1. This is a civil action seeking damages and injunctive relief for copyright infringement under the copyright laws of the United States (17 U.S.C. § 101 *et. seq.*).

2. This Court has jurisdiction under 17. U.S.C. § 101 *et. seq.*; 28 U.S.C. § 1331 (federal question); and 28 U.S.C. § 1338(a) (copyright).

3. This Court has personal jurisdiction over the Defendant, and venue in this District is proper under 28 U.S.C. § 1391(b) and 28 U.S.C. § 1400(a), in that the Defendant regularly conducts business in this District, and the acts of infringement complained of herein occurred in this District.

### PARTIES

4. Plaintiff Kristen Pierson is an individual residing at 1550 Nooseneck Hill Rd., #97, Coventry, RI 02816. Plaintiff operates a sole proprietorship under the name Kristen Pierson Photography.

5.      Plaintiff is informed and believes that Defendant Tyson White is an individual residing in Massachusetts and is the owner of a business names Roosters Men's Grooming Center located at 518 Tremont Street, Boston, MA  02118.

## COUNT I

## INFRINGEMENT OF COPYRIGHTS

6.      Plaintiff incorporates herein by this reference each and every allegation contained in each paragraph above.

7.      Plaintiff is and at all relevant times has been, the owner of exclusive rights under United States copyright law, with respect to a certain series of 41 photographic images entitled "Rooster's Salon", which series includes an image identified as "KP1_0023" that depicts a barber shaving a customer (the "Copyrighted Work") identified in Exhibit A attached hereto, which is the subject of a valid Certificate of Copyright Registration issued by the Register of Copyrights, a copy of which is attached as Exhibit B hereto.

8.      Plaintiff licenses the Copyrighted Work throughout the United States, including in this district.

9.      Among the exclusive rights granted to Plaintiff under the Copyright Act are the exclusive rights to reproduce the Copyrighted Work and to distribute and display the Copyrighted Work to the public.

10.     On information and belief, Defendant, without the permission or consent of Plaintiff, used the Copyright Work in advertising his business on the website of the Boston South End Business Alliance (www.sebaboston.com) and perhaps elsewhere.  A printout from www.sebaboston.com showing Defendant's unauthorized use of the Copyrighted Work is attached hereto as Exhibit C.  In doing so, Defendant has violated Plaintiff's exclusive rights of

reproduction, display and distribution. Defendant's actions constitute infringement of Plaintiff's copyrights and exclusive rights under copyright law.

11. On information and belief, the foregoing acts of infringement have been willful and intentional, in disregard of and with indifference to the rights of Plaintiff.

12. As a result of Defendant's infringement of Plaintiff's copyright and exclusive rights under copyright, Plaintiff is entitled to actual damages pursuant to 17 U.S.C. § 504(b) or, alternatively, statutory damages pursuant to 17 U.S.C. § 504(c), for Defendant's infringement of the Copyrighted Work.

13. The conduct of Defendant is causing and, unless enjoined and restrained by this Court, will continue to cause Plaintiff great and irreparable injury that cannot fully be compensated or measured in money. Plaintiff has no adequate remedy at law. Pursuant to 17 U.S.C. §§ 502 and 503, Plaintiff is entitled to injunctive relief prohibiting Defendant from further infringing Plaintiff's copyright, and ordering Defendant to destroy all copies of the Copyrighted Work made in violation of Plaintiff's exclusive rights.

WHEREFORE, Plaintiff prays for judgment against Defendant:

1. Enjoining him from reproducing, displaying, and/or distributing unauthorized copies of the Copyrighted Work and from otherwise directly or indirectly infringing Plaintiff's rights under federal or state law in the Copyrighted Work.

2. Ordering him to deliver up to the Court for destruction all unauthorized copies of the Copyrighted Work that are in Defendant's possession or in the possession of Defendant's customers or advertising partners.

{B1978233; 1}

3. Requiring him to immediately provide to the Court an accounting of the number of copies of the Copyrighted Work reproduced, displayed, and/or distributed in the United States and the total revenue generated from such reproduction, display, and/or distribution.

4. Ordering him to pay to Plaintiff for its actual damages and Defendant's profits attributable to its sales of the Copyrighted Work, or, alternatively, enhanced statutory damages reflecting the willful nature of Defendant's acts, together with Plaintiff's attorneys' fees and costs expended in this action.

5. For such other and further relief as the court may deem just and proper.

Respectfully submitted,

KRISTEN PIERSON
By her Attorneys,

/s/ Lawrence R. Robins
Lawrence R. Robins (MA Bar No. 632610)
Clark A. Freeman (MA Bar No. 691986)
SULLIVAN & WORCESTER LLP
One Post Office Square
Boston, MA 02109
*lrobins@sandw.com*
*cfreeman@sandw.com*
Tel:  (617) 338-2800
Fax:  (617) 338-2880